### BERNARD MACKE *v.* HENRY ROLFE'S ADMX.

**Suit to Settle Partnership — Duty of Surviving Partner — Inventory — Answer.**

It is the duty of a surviving partner to cause a full and complete inventory of all partnership effects to be made by competent men in a reasonable time after the death of his deceased partner and exhibit same with his answer in the suit to settle the partnership.

The appellant should have been charged, with all sales after the death of his partner until the business was closed, and if the appellant failed to show by proof the amount of receipts and expenditures of each day or month, it may be done by taking an average month, as shown by the books of the firm, as a criterion.

#### APPEAL FROM KENTON CIRCUIT COURT.

January 25, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The difficulty in adjusting and settling the business of the late firm of Rolfe and Macke has been magnified, if not produced, by the failure of appellant, the surviving partner, to cause a full inventory of all the stock in trade and partnership effects to be made out by competent men in convenient and reasonable time after the death of Rolfe, and to cause to be kept a fair and correct account of all transactions connected with the firm business from the death of his partner until he sold out.   The failure of appellant to discharge a duty so obviously necessary and to present an exhibit with his answer of the whole business of the firm makes it the more imperative on him to explain all he has done by satisfactory evidence touching this business.

After a careful examination of the pleadings and proof we are satisfied that no injustice has been done appellant, and the judgment is not prejudicial to him, and it is, therefore, affirmed on the original appeal.

But upon the cross-appeal we have come to a different conclusion.   The charge of $1,300 as the price for which the stock and

effects pertaining to the mineral water branch of the firm were sold was correct, and appellant should account therefor. But in reference to the beer department he should have been charged with $850 instead of $550, the last-named sum being the amount charged against him in the judgment.

It further appears to us that the judgment is erroneous and prejudicial to appellant in omitting to charge appellant for the sales made each month by him from the death of his partner until the business was closed by a sale in gross of all the stock, etc. Wanzel proves that the business was interrupted only two days by the death of Rolfe, and then appellant resumed it and continued it until he (the witness) bought him out; it is reasonable to assume that the business was carried on with and by means of the stock on hand at the death of Rolfe, and if additional stock was purchased appellant can and should be required to establish it by proof.

The book of sales or cash-book of the firm, by the agreement of the parties, is filed and considered a part of the record, and it shows the amount of sales up to the 24th of September, 1864, the day most likely on which Rolfe died, and why the account of each day's sales was not continued is not shown.

But if appellant fails to show by proof what were the receipts and expenditures of each day or month, this book furnishes the data from which an account of sales can be made out by taking an average month as a criterion by which to charge him per month until the sales in gross were made to Wanzel & Thoss, from which daily sales it will devolve on appellant to show the expenses to be deducted.

Nor are we entirely satisfied that the credit of $441.50 allowed appellant by the court below in making up the accounts was sufficiently proved; it is proper to show the date of the purchases and payments, as well as the articles purchased, and the uses to which they were applied.

Wherefore, the judgment is reversed on the cross-appeal, and the cause is remanded, with directions to refer it to the master to hear proof in regard to the several matters named, and to make out the accounts of the parties as herein indicated, and for further proceedings consistent with this opinion.

*Jno. G. Carlisle, for appellant.*

*Hawkins, for appellee.*